**Eurita I. CALLWOOD on behalf of Minor child: Herman E. CALL-WOOD, Appellants,**

v.

**Luz Celeste BATISTE, Appellee.**

**No. CIV.A.2001–194.**

District Court, Virgin Islands,
Appellate Division.
D. St. Thomas and St. John.

Feb. 2, 2004.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and MARIA M. CABRET, Presiding Judge of the Territorial Court of the Virgin Islands, Division of St. Croix, Sitting by Designation.

## MEMORANDUM

PER CURIAM.

## I. INTRODUCTION

Appellant has timely appealed this small claims court decision arguing that (1) one eyewitness gave perjured testimony because of bias for appellee; and (2) the trial judge erred in his finding of facts based on the eyewitness's testimony and his own personal knowledge. Because the trial judge has wide discretion in determining the credibility of a witness during a bench trial and because we find no clear error in the trial court's findings of fact, this Court affirms the judgment below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2001 at approximately 4:00 p.m., Herman Callwood, a minor, Eurita Callwood, and Luz Celeste Batiste ["Batiste"] were involved in an automobile accident in St. Thomas. Herman Callwood was driving eastward with his aunt Eurita Callwood ["Callwood"] seated in the front passenger side. Batiste's car was in the westbound traffic lane making a right turn. The two cars collided, damaging the right front portion of Callwood's car and the left front portion of Batiste's car. Batiste brought an action to recover damages to her automobile against Eurita Callwood on behalf of her minor child Herman E. Callwood.

On September 11, 2001, the trial judge held a hearing on this matter in the small claims division. Batiste's first witness was Maria De La Cruz, an eyewitness who was at a food van near the intersection at the time of the accident. (App. at 2.) Cruz first testified that she was sitting outside when she heard the collision. She looked at the traffic light and saw that it was green for Batiste. (Id.) Cruz then said "Still they have the hit. The people still stopping there because no one move, only they come straight." (Id. at 3.)

On Callwood's cross-examination of Cruz, she asked Cruz what color her light was, to which the witness responded "Red." (App. at 4.) Cruz reiterated that no other cars were moving and that Callwood did not stop at the red light. (Id.) Callwood then told Cruz it was impossible for her to see Batiste's traffic light from the food van. (Id.) Cruz explained that her and Batiste's children were playmates and that she was watching the children and

waiting for Batiste to pick her child up. (Id.) Cruz testified that she told the child not to enter the intersection. She also testified that she and the child were looking for Batiste's car and that she heard the child say "mommy's coming" just before the accident. (Id. at 5–6.)

Several other witnesses testified including Eurita Callwood. On Batiste's cross-examination, Callwood contended that she had the green light and the right of way and that Batiste was then only allowed to make the right turn if there was no oncoming eastbound traffic. (App. at 12–13.) Batiste then asked why Callwood was speeding through the intersection at the time Batiste was turning, while no other car was moving into the intersection. (App. at 13.) Callwood merely responded that Batiste was the one speeding. (Id.)

The trial judge found that Callwood caused the accident based upon his belief that the traffic light was green for Batiste when she turned.[1] (App. at 15.) He noted that it was a "difficult corner" and that this particular signal arrow had a short cycle. (Id.) The trial judge relied on Cruz's testimony that none of the other vehicles were moving immediately after the crash to conclude that the eastbound traffic still had a red light. (Id.) Because Batiste had submitted two estimates in excess of the $ 5,000.00 jurisdictional limit for the small claims division, the trial judge awarded her a judgment of $ 5,000.00 against both defendants jointly and severally. (App. at 15–16.)

## III. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review final judgments and orders of the Territo-

---

1. The trial judge must have misspoken when he said "the accident was caused by *Miss* Callwood operating the vehicle and not yielding to the red light" because it was clear that the minor Herman Callwood was operating the vehicle. (App. at 15.) (emphasis added).

rial Court in all civil cases. *See* 4 V.I.C. § 33; Section 23A of the Revised Organic Act.[2] "Findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the territorial court to judge the credibility of the witnesses." 4 V.I.C. § 33. The standard of review for this Court in examining the Territorial Court's application of law is plenary. *See Nibbs v. Roberts*, 31 V.I. 196, 204, 1995 WL 78295 (D.V.I.1995).

## B. The Trial Judge Did Not Commit Reversible Error

The issue of whether Cruz lied on the stand is for the trial judge to decide. We must give due regard and deference to a trial court's judgments on a witness' credibility because it is in a far better position to make such a decision. *See* 4 V.I.C. § 33. Although Cruz's credibility is not directly before this Court, we do review the trial judge's reliance on this testimony for clear error. We find no such error.

Callwood contends that Cruz is not credible because she "changed her story" from hearing the accident to seeing it. (Appellant's Br. at 3.) Callwood further contends that from her position by the food van, Cruz could not have seen Batiste's light. (*Id.*) Even assuming that Cruz did not see the accident or the light, any such factual error would not be clear but instead harmless because the trial judge only relied on Cruz's testimony that the other cars were not yet moving after the collision. Callwood also argues on appeal that the "laws of physics" show that Batiste's vehicle ran

into hers. (*Id.* at 4.) The trial judge already stated that this was not a relevant issue and we reiterate the same.[3] Again, even if Batiste hit Callwood, the trial judge's findings as to the traffic signals and the right of way remain the same.[4] Callwood has raised nothing warranting reversal on appeal.

## IV. CONCLUSION

Accordingly, this Court affirms the trial court's judgment because the trial judge acted properly within his discretion to determine credibility and made no clearly erroneous factual findings.

### ORDER

For the reasons given in the accompanying Memorandum of even date, the trial court's judgment is hereby **AFFIRMED**.

**2.** Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1614, *reprinted in* V.I. Code Ann., Historical Documents, Organic Acts, and U.S. Constitution at 159–60 (1995) (preceding V.I. Code Ann. tit. 1).

**3.** "The question as far as the Court is concerned is not which vehicle hit which vehicle and how it collided, but what part of the vehicle hit where. It is who had the light and

therefore the right of way to proceed." (App. at 14–15.)

**4.** Callwood also challenged the trial judge's familiarity with the traffic signals at the intersection, however, appellant has again failed to show in either her brief or appendix how such an alleged misunderstanding led to any clearly erroneous factual conclusions. (Appellant's Br. at 5.)